## Barksdale v. State Farm Mutual Automobile Insurance Co.

*Laurence S. Berman,* for plaintiff.

*Dwight Reginald Whitt,* for defendant State Farm Mutual Automobile Insurance Co.

*Philip M. Kruger,* for additional defendant Philadelphia Health Plan.

KLEIN, *J.,* February 1, 1984—Plaintiff Randolph Barksdale purchased his No-fault automobile insurance from defendant State Farm Mutual Automobile Insurance Company. He elected to provide for part of his basic loss benefits through a collateral source, thereby reducing his No-Fault premiums. Additional defendant Philadelphia Health Plan (PHP) was his designated primary basic loss carrier.

During the term of the insurance contract, Barksdale had an accident and was injured. According to his amended complaint, Barksdale went to physicians for some non-emergency treatment. Under the terms of his PHP policy, Barksdale would have been covered if he had sought the services of physicians who were "designated" by PHP. However, he decided not to go to "designated" physicians but instead went to doctors of his own choice. It is admitted by all parties that under the terms of the Philadelphia Health Plan, Barksdale is not covered by PHP for treatment by a non-designated doctor.

Now, because he violated the terms of his agreement with PHP, Barksdale is looking for reimbursement from State Farm, claiming that they refused to provide the "basic loss benefits" which he forfeited from PHP.

Barksdale has also asked for the certification of a class for a class action.

The preliminary objections in the form of demurrers of State Farm and PHP are sustained. Barksdale's complaint is dismissed with prejudice on the basis that it fails to state a cause of action. The issue of a class action is, therefore, not reached.

Plaintiff relies on 40 P.S. §1009-203, which provides as follows:

(b) The owner or operator of a motor vehicle may elect to provide for security in whole or in part for the payment of basic loss benefits through a program, group, contract or other arrangement . . . In all such instances, each contract of insurance issued by an insurer shall be construed to contain a provision that all basic loss benefits provided therein shall be in excess of any valid and collectible benefits otherwise provided through such program, group, contract or other arrangement as designated at the election of the owner or operator which shall be primary.

(c) An insurer providing basic loss benefits and tort liability in accordance with the provisions of subsection (b) above shall reduce the cost of such contract of insurance to reflect the anticipated reduction in basic loss benefits payable by the insurer by reason of the election of the owner or operator to provide substitute security.

The clear meaning of 40 P.S. §1009.203 ("collateral source") is supported by the Act's legislative history, commentary and Pennsylvania case law.

With respect to the legislative debate, the collateral source provision was adopted with a view toward providing reduced No-fault premiums in conjunction with the insured's designation of collateral source coverage. See Shrager, Pennsylvania No-Fault Motor Vehicle Insurance Act, Appendix B: "Legislative History" at 317-318 (1979). The effect of this rate reduction option is to create an inducement to No-Fault buyers to purchase collateral insurance and an incentive which results in a risk reduction assumed by insurers. Singer v. Sheppard, 33 Pa. Commw. 276, 381 A.2d 1007 (1978).

By its terms, the statute provides that election under the collateral source provision triggers that source as primary provider. The insured is, thereby, entitled to No-Fault benefits only if his expenses exceed valid and collectible benefits under his primary/collateral policy. As with all insurance contracts, an insured cannot ignore the terms of his basic coverage and then expect the excess carrier to come in. He paid a lower premium to relieve State Farm of this obligation. Barksdale cannot now, by ignoring his obligations on his PHP policy, create additional coverage on his State Farm policy.

In this case, Barksdale voluntarily chose to receive non-emergency services from a non-authorized provider. PHP, therefore, lawfully denied Barksdale's claim and excess coverage by his No-Fault carrier, Defendant State Farm, was not triggered. Further, Barksdale's argument that the No-Fault carrier became primarily liable because benefits from the collateral source were "not collectible" within the meaning of §203(b) is without merit. Benefits were, in fact, collectible from PHP but, because of his failure to fulfill the terms of the contract, Barksdale was not eligible to receive those benefits.

Barksdale's argument that State Farm is obligated to provide full basic loss benefits, less a $250 deductible (31 Pa. Code §66.53) must also fail. The Code provides that if the insured has no collateral coverage "in effect" at the time an accident occurs, then a $250 deductible for professional medical treatment shall apply. See 31 Pa. Code §66.53.

By its terms, Section 66.53 is applicable only if and when a collateral contract is not in effect at the time a loss occurs. In this case, coverage with PHP was in effect at the time the loss occurred but, because of plaintiff's own actions, he was ineligible to receive those benefits.

. . .

In conclusion, the preliminary objections in the form of demurrers of State Farm and Philadelphia Health Plan are sustained. Plaintiff Barksdale's complaint is dismissed with prejudice.

## ORDER

Upon consideration of defendant State Farm's preliminary objections, it is hereby ordered that those objections are sustained and plaintiff's complaint is dismissed with prejudice for failure to state a cause of action.

Upon consideration of additional defendant Philadelphia Health Plan's preliminary objections to the additional complaint of State Farm Mutual Automobile Insurance Company, it is ordered that those preliminary objections are sustained and that the additional complaint is dismissed with prejudice.

Therefore, this court is not considering the request to certify a class for a class action.